IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL ANN MASON,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:06-CV-826 TS |

In this personal injury diversity case, Defendant Brigham Young University (BYU) moves for summary judgment on Plaintiff Rachael Mason's (Mason's) negligence claim on the following bases:  One, that BYU owed no duty to "exercise ordinary care in protecting from risks inherent in collegiate athletics."[1]  Two, that there is a lack of evidence that any applicable standard of care was breached.  Three, that Mason "contractually agreed" to limit BYU's financial responsibility for her injuries.[2]  Four, that Mason's claims for future

---

[1] Docket No. 23.  (Def.'s Br. at iv).

[2] *Id.*

1

medical and insurance expenses are barred under the theory of double recovery because they were covered by an existing BYU insurance policy.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[3]  In reviewing the motion, the Court views "the evidence in the light most favorable to the nonmovant."[4]

> As the moving part[y], defendant shoulder[s] the "initial burden to show that there is an absence of evidence to support the nonmoving party's case."  If defendant [meets] this burden, it falls to plaintiff to "identify specific facts that show the existence of a genuine issue of material fact."  "The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor."[5]

BYU's first argument is that it owes no duty to exercise ordinary care in protecting from risks inherent in collegiate athletics.  The Court finds that Mason has met her burden of identifying specific material facts relating to the duty of care prong of negligence, including, but not limited to, whether Mason's injury was a risk inherent in collegiate swimming or weight training conditioning.  In this regard, the Court finds unpersuasive BYU's argument that to find any duty of care on the disputed facts viewed in light most favorable to Mason would change the law in a way that would "chill" college athletics.  As noted in *Orr v. BYU*,[6] a case rejecting the argument that a college owed a special duty of

---

[3] Fed. R. Civ. P. 56(c).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1165 (10th Cir. 2000) (quoting *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995)).

[6] 960 F.Supp. 1522 (D. Utah 1994).

care to student athletes, "[c]ertainly when training . . . services are provided and then negligently performed, liability could result under existing theories of negligence."[7]

On BYU's second contention, the Court finds that Mason has met her burden of identifying specific facts sufficient for a reasonable jury to return a verdict in her favor that the standard of care was breached. Accordingly, BYU's motion for summary judgment on negligence must be denied.

BYU next argues that Mason "contractually agreed" to limit BYU's financial responsibility for her injuries to a three-year limit by a document that BYU is now asserting is a release of claims.

The Court finds that the document is ambiguous. Among other reasons for finding the document ambiguous are the following: the document is not entitled a release but is confusingly entitled "Injury and Liability Report;" it requires, but does not contain, a signature of a BYU representative; it contains representations that are not correct as to student athletes such as Mason because BYU now says student athletes have lifetime insurance coverage for injuries sustained during official team activities through a very recently disclosed $20 million dollar policy.

Plaintiff has produced the following evidence regarding the nature and meaning of the ambiguous document: it was submitted to her as merely a document required to obtain an MRI; BYU does not require a release of any claim as a prerequisite for its student athlete's obtaining access to medical care; and BYU admits that its athletic director on

---

[7]*Id*. at 1528.

3

behalf of the school administration committed to Mason that BYU would cover her medical expenses related to her injury with no time limit. Based on this evidence viewed in the light most favorable to Mason, a reasonable jury could find that the document was not a release.

Moreover, Plaintiff has produced the following evidence suggesting that the document may be void as against public policy: student athletes such as Mason were required to go through BYU to schedule and obtain medical treatment for injuries alleged to have occurred in connection with their athletic programs, and the document was presented to Mason as a prerequisite for having BYU pay for the MRI she was having that day.

As Mason has met her burden of coming forward with evidence raising material issues of fact on BYU's position that her claims are barred by a release, summary judgment on that issue must be denied.

Turning to BYU's last contention, that Mason's claims for future medical and insurance expenses are barred under the theory of double recovery because they are covered by an existing BYU insurance policy, the Court finds that there are issues of fact. These issues of fact regarding the effect of the insurance coverage appear to result from the fact that the policy was so recently disclosed, combined with the fact that the individual designated by BYU as the person familiar with the policy did not have full information regarding the policy at the time of his deposition. As a result, summary judgment is not appropriate on any issues of double recovery or the application of the collateral source rule.

Based upon the foregoing, it is therefore

ORDERED that BYU's Motion for Summary Judgment (Docket No. 22) is DENIED.

 DATED   February 1, 2008.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge