IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL ANN MASON,<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES<br><br><br><br><br><br>Case No. 2:06-CV-826 TS |

Plaintiff Rachael Mason (Mason) moves for summary judgment on several of Defendant affirmative defenses of Defendant Brigham Young University (BYU). Because BYU bears the burden on affirmative defenses, and Mason is a movant who will not have the burden of persuasion at trial, Mason need not negate the affirmative defenses. Instead, Mason may meet her "initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law" "simply by pointing out to the court a lack of evidence for the nonmovant on an essential

element of the nonmovant's" affirmative defense.[1]

> If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[2]

Mason contends that she is entitled to summary judgment on BYU's fourth affirmative defense of failure to mitigate damages because there is no evidence that she failed to mitigate damages.  BYU contends that Mason failed to mitigate damages by not seeking employment for which she was eligible and by failing to use ordinary care to promote her recovery.

"[T]he burden of proving plaintiff has not mitigated its damages and that its award should be correspondingly reduced is on defendant."[3]   "[T]he doctrine [of mitigation] requires defendant to show with *specificity* why the damages sought are not proper because of successful efforts to mitigate or a failure to reasonably mitigate."[4]

BYU has submitted no evidence that Mason failed to mitigate her damages regarding employment, while Mason has submitted the records or her employment since the injury.  The Court finds that BYU has not submitted anything to meet its burden of

---

[1] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citations and quotations omitted).

[2] *Id*. at 671 (quoting Fed. R. Civ. P. 56(e)) (other citations omitted).

[3] *LeBaron & Associates, Inc. v. Rebel Enterprises, Inc.*, 823 P.2d 479, 484 (Utah Ct. App. 1991) (quoting *John Call Eng'g, Inc. v. Manti City Corp.*, 795 P.2d 678, 680 (Utah Ct. App. 1990)).

[4] *Id*. (emphasis in original).

showing with specificity why Mason's arguments regarding damages are not proper due to a failure to reasonably mitigate. Because, BYU has not met its burden on this issue, the Court will grant summary judgment on the affirmative defense of failure to mitigate damages by not seeking employment.

BYU's next argument is that Mason failed to mitigate by failing to use reasonable care to promote her recovery. BYU points to evidence allegedly showing that Mason attended practice on the day of her injury before applying ice as directed by her trainer, that she failed to inform her coach of the injury for a period of time, that she delayed in obtaining a follow up appointment with a doctor, and that she continued competitively swimming. BYU argues this is evidence of Mason's failure to take ordinary care to mitigate her recovery. However, BYU has not produced any evidence to meet its burden of showing with specificity in what way any of these things would have affected her recovery or damages.

BYU also points to a history of falling as evidence that Mason failed to use reasonable care to promote her recovery. BYU's only evidence on this issue is Dr. Komar's Declaration that Plaintiff's falls could have aggravated the pain associated with her discectomy, the first of her four operations. Insofar as BYU's argument involves nonparties, the Court has, in a separate order, determined that there was not a timely notice of allocation of fault to such nonparties and, accordingly, non-party fault is not an issue in this case.

As mitigation relates to Mason's falls generally, the Court notes that there was not a timely designation of Dr. Komar's opinion on this issue, and therefore arguably no

admissible evidence in support of BYU's position.  Neither Dr. Komar's deposition nor his report addressed the issue of the falls and causation.  The Court will deny summary judgment on the issue of mitigation regarding the falls not connected with the nonparties' alleged fault and address the issue of Dr. Komar's testimony in connection with the pending Motion to Exclude his testimony.[5]

BYU's fifth and ninth affirmative defenses assert versions of assumption of risk.  For the reasons stated in its Order Denying Defendant's Motion for Summary Judgment, the Court finds that there are genuine issues of material fact regarding negligence, including the issue of alleged inherent risk. Therefore summary judgment will be denied on these defenses.

BYU's sixth and twelfth affirmative defense involve negligence and/or fault of third parties and allocation of fault to non-parties under Utah Code Ann. § 78-27-37.  For the reasons stated in its Order granting Plaintiff's Motion for Partial Summary Judgment re: Non-Parties, the Court will grant Plaintiff summary judgment on these affirmative defenses.

BYU's eleventh affirmative defense is laches.  Mason cites *United States v. Mack*[6] in support of her position that laches does not apply to negligence claims filed within the statute of limitations period.  BYU argues that laches does apply because the Injury and Liability Report is a contract limiting her liability, and asserts that Mason must reform or rescind that document in order to bring her claims.

---

[5] *See* Docket No. 57.

[6] 295 U.S. 480, 489 (1935).

In its Order Denying Defendant's Motion for Summary Judgment, the Court has determined that the Injury and Liability Report is ambiguous and there are genuine issues of fact regarding whether it is a release.   Accordingly, the Court will deny summary judgment on the eleventh affirmative defense.

Based upon the foregoing, it is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 16) is GRANTED IN PART.   Partial summary judgment is GRANTED in favor of Plaintiff and against Defendant on Defendant's fourth affirmative defense of failure to mitigate insofar as it involves Plaintiff's damages relating to employment and use of reasonable care to promote her recovery, but not insofar as it involves falls not attributable to the alleged fault of non-parties.   It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 16) is OTHERWISE DENIED.

DATED   February 1, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

5