IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL ANN MASON,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: NON-PARTIES<br><br><br><br>Case No. 2:06-CV-826 TS |

I.  INTRODUCTION

Under the Utah law applicable to this personal injury diversity case, a defendant in a negligence action may request the jury to allocate fault to a non-party only if Defendant files a timely Notice of Allocation. Defendant Brigham Young University (BYU) filed its Notification of Allocation on November 20, 2007. Because the Notice was not filed within a "reasonable time after BYU discovered the factual and legal basis upon which it seeks to allocate fault, the Court finds that it was not timely and, therefore, BYU may not request the jury allocate fault to non-parties.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Plaintiff Rachel Mason (Mason) was a Junior attending BYU as a member of its swim team.  She alleges she injured her back during conditioning in the form of weight training as a result of the negligence of her coach.  She has undergone four back surgeries.

This case was filed on September 29, 2006.  In its October 24, 2006 Answer, BYU included as affirmative defenses that Mason's injuries and damages were caused by third parties and that if there were any liability it must be determined in accordance with Utah comparative fault statutes considering "the conduct of all persons who contributed to such injury."[1]

Pursuant to the Amended Scheduling Order,[2] fact discovery closed on August 1, 2007, expert discovery closed on September 15, 2007.  The last expert reports were to be filed by July 1, 2007.  The jury trial is set to begin on March 17, 2008.

On October 31, 2007, Mason filed her Motion for Partial Summary Judgment Re: Affirmative Defenses, and sought summary judgment on Defendant's affirmative defenses, including its sixth and twelfth defenses, on the ground of lack of evidence.

On November 20, 2007, Defendant filed its Notice of Allocation of fault to non-parties naming Dr. Bacon, (who performed Mason's first two back surgeries) and Central

---

[1] Docket No. 3, Answer, Defendant's twelfth affirmative defense and sixth affirmative defense (alleging that negligence or fault was of "others who are not under the control of Answering Defendant").

[2] Docket No. 32.

2

Utah Surgical Center (where Mason's first back surgery was performed), as non-parties. BYU subsequently filed nonmaterial amendments.

Mason responded by filing the present Motion seeking partial summary judgment on the issue of liability of non-parties on the grounds that there was no timely Notice.

### III. DISCUSSION AND CONCLUSIONS

Utah's statutes provide:

(3) No defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant under Section 78-27-39.

(4) (a) The fact finder may, and when requested by a party shall, allocate the percentage or proportion of fault attributable to each person seeking recovery, to each defendant, to any person immune from suit, and <u>to any other person identified under Subsection 78-27-41(4)</u> for whom there is a factual and legal basis to allocate fault. . . .³

Under the related statute, § 78-27-41(4):

(4) Fault may not be allocated to a non-party <u>unless</u> a party timely files a description of the factual and legal basis on which fault can be allocated and information identifying the non-party, to the extent known or reasonably available to the party, including name, address, telephone number and employer. <u>The party shall file the description and identifying information in accordance with Rule 9, Utah Rules of Civil Procedure or as ordered by the court but in no event later than 90 days before trial as provided in Rule 9, Utah Rules of Civil Procedure.</u>⁴

As the statute incorporates Rule 9 of the Utah Rule of Civil Procedure, the parties assume that it applies in this federal case. Ordinarily, in a diversity case the Court applies

---

³Utah Code Ann. § 78-27-38 (3) and (4)(a) (emphasis added).

⁴§ 78-27-41(4) (emphasis added).

3

the substantive law of the state and federal procedural law.[5]  However, the Court agrees that the state rule applies because where the state rule implementing the state statute on allocation of fault has no federal counterpart, federal courts have adopted state procedural requirements for giving notice of non-party fault.[6]

In a similar case, *Greenwich Insurance Co. v. Hogan*,[7] the trial court considered whether the Michigan procedural rule implementing the Michigan statute for allocating fault to nonparties:

> Although [the Michigan Court Rule] has been identified as a procedural rule, this court concludes that the rule is a necessary component of Michigan's statutory scheme of "fair share liability."  The failure of this federal court to include the rule's notice provision as part and parcel of Michigan's substantive tort law would result in tort litigation differing materially depending on whether a suit was brought in state court or as a diversity action in federal court.  Absent application of the rule, plaintiffs would have neither the benefit of the "shield" protecting them from the allocation of fault to a non-party without notice, nor the opportunity to amend the complaint to include those identified non-parties in a timely manner.  The *Erie* doctrine is intended to discourage forum shopping and avoid the inequitable administration of justice, and to prevent the "character or result of a litigation materially to differ because the suit had been brought in a federal court." Viewing [the Michigan Court Rule] as a purely procedural matter under the circumstances of this case, rather than as an integral part of Michigan's

---

[5] *Oja v. Howmedica, Inc.*, 111 F.3d 782, 792 (10th Cir. 1997) ("In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims, including specification of the applicable standards of proof.").

[6] The present case requires the Court to consider the issue not raised in its unpublished opinion *L-3 Communications Corp. v. E.R. Lewis Transp., Inc.*, 2005 WL 3591987 (D. Utah December 30, 2005), namely whether the procedural rule must be considered an integral part or necessary component of Utah's substantive tort law scheme for the purposes of notice.

[7] 351 F.Supp.2d 736, 739-40 (W.D. Mich. 2004).

substantive tort law scheme, would promote the very forum shopping and inequitable administration of the laws *Erie* sought to avoid.
This ruling is consistent with decisions of other federal courts that have considered and adopted state procedural requirements for giving notice of non-party fault.[8]

The Court finds and concludes that where § 78-27-41(4) specifies and incorporates Rule 9, that the Rule plays an integral part in the statutory scheme. Therefore, this is the unusual situation where a state procedural rule must be considered part of the substantive law of the state to be applied in a diversity case.

Utah R. Civ. P. 9(*l*) provides:

(*l*) Allocation of fault.

>(*l*)(1) A party seeking to allocate fault to a non-party under [the comparative fault statutes] shall file:
>
>>(*l*)(1)(A) a description of the factual and legal basis on which fault can be allocated; and
>>
>>(*l*)(1)(B) information known or reasonably available to the party identifying the non-party, including name, address, telephone number and employer. If the identity of the non-party is unknown, the party shall so state.
>
>(*l*)(2) The information specified in subsection (l)(1) must be included in the party's responsive pleading if then known or must be included in a supplemental notice filed within a reasonable time after the party discovers the factual and legal basis on which fault can be allocated but no later than the deadline specified in the discovery plan under Rule 26(f). The court, upon motion and for good cause shown, may permit a party to file the information specified in subsection (l)(1) after

---

[8] *Id*. at 739-40 (quoting *Hanna v. Plummer*, 380 U.S. 460, 467-68 (1965)). The Court notes that the Michigan Court Rule at issue in *Greenwich* has since been amended.

substantive tort law scheme, would promote the very forum shopping and inequitable administration of the laws *Erie* sought to avoid.
This ruling is consistent with decisions of other federal courts that have considered and adopted state procedural requirements for giving notice of non-party fault.[8]

The Court finds and concludes that where § 78-27-41(4) specifies and incorporates Rule 9, that the Rule plays an integral part in the statutory scheme. Therefore, this is the unusual situation where a state procedural rule must be considered part of the substantive law of the state to be applied in a diversity case.

Utah R. Civ. P. 9(*l*) provides:

(*l*) Allocation of fault.

> (*l*)(1) A party seeking to allocate fault to a non-party under [the comparative fault statutes] shall file:
>
>> (*l*)(1)(A) a description of the factual and legal basis on which fault can be allocated; and
>>
>> (*l*)(1)(B) information known or reasonably available to the party identifying the non-party, including name, address, telephone number and employer. If the identity of the non-party is unknown, the party shall so state.
>
> (*l*)(2) The information specified in subsection (l)(1) must be included in the party's responsive pleading if then known or must be included in a supplemental notice filed within a reasonable time after the party discovers the factual and legal basis on which fault can be allocated but no later than the deadline specified in the discovery plan under Rule 26(f). The court, upon motion and for good cause shown, may permit a party to file the information specified in subsection (l)(1) after

---

[8] *Id*. at 739-40 (quoting *Hanna v. Plummer*, 380 U.S. 460, 467-68 (1965)). The Court notes that the Michigan Court Rule at issue in *Greenwich* has since been amended.

>   the expiration of any period permitted by this rule, but in no event later than 90 days before trial.
>
>   (*l*)(3) A party may not seek to allocate fault to another except by compliance with this rule.[9]

BYU argues that it complied with the Notice requirements for the following reasons. One, because where the Amended Pretrial Order does not state a time for filing a Notice of Allocation of fault to non-parties, the notice is timely if filed "no later than 90 days before trial" as provided in § 78-27-41(4). Two, because it provided notice in its October 24, 2006 Answer.[10] Three, because Mason was on notice of the possible non-party fault because (a) in her depositions she "alludes"[11] to fact that she believes Dr. Bacon was at fault because of what he supposedly told her regarding bone fragments left during his first surgery and removed during his second surgery; (b) she stated in writing in her deposition exhibits that she fell at the Surgical Center after her second surgery; (c) she stated that she never recovered from the first surgery; and (d) Mason's father testified in his deposition that *he* believes Dr. Bacon's first surgery is at fault.[12]

The Court does not agree there was compliance with the notice requirements. The statute and rule together provide specific requirements for non-party apportionment of fault and provide that, absent compliance, there may be no apportionment to non-parties.

---

[9] Utah R. Civ. P. 9.

[10] Docket No. 65, at 30 n.3.

[11] *Id*. (citing pages v-vi of same memorandum (citing Mason's January 24, 2007 deposition and noting the deposition testimony informed BYU of the fall and of bone fragments issue)).

[12] Mason's father is not a party in this case.

6

Considering BYU's Answer, it in no way complies with the specific requirements of § 78-27-41(4) and Rule 9. Among other reasons, the Answer does not identify any non-party or contain a "description of the factual and legal basis on which fault can be allocated." It also does not comply with the requirement that if "the identity of the non-party is unknown, the party shall so state."[13] Further, if BYU intended to have its Answer serve as the Notice, the required information must have been "included in a supplemental notice filed within a reasonable time after [BYU] discover[ed] the factual and legal basis on which fault can be allocated,"[14] something that was not done for the reasons set forth below.

The Notice is not timely merely because it was filed no later than 90 days before trial. To begin with, the statute and rule together provide that the 90-day before trial default period is applicable only if the first two provisions—filing "as ordered by the court,"[15] or within a reasonable time after discovery—are not applicable.

The Court finds that the applicable deadline in this case is "a reasonable time after the party discovers the factual and legal basis on which fault can be allocated." As BYU's Memoranda make clear, Mason made the statements and produced the writings upon which it now relies as establishing fault of the non-parties no later than her January 24,

---

[13] If the identity of the non-party is unknown, the party shall so state. Utah R. Civ. P. 9 (*l*)(1)(B).

[14] Utah R. Civ. P. 9(*l*) (2).

[15] Arguably, the Amended Scheduling Order did not set a date. The analogous Federal Rule of Civil Procedure to Utah R. Civ. P. 9, would be Fed. R. Civ. P. 9. By analogy, the Notice would be covered as an Amendment to Pleading, the deadline for which was February 1, 2007. Thus, the filing would not have been timely under the Amended Scheduling Order.

2007 deposition.[16] Thus, BYU had full knowledge, no later than January 24, 2007, of "the factual and legal basis on which fault can be allocated" to non-parties.[17]

The Court finds that, under the circumstances of this case, the filing of the notice ten months after the discovery is not filing within a "reasonable time" after BYU discovered the factual and legal basis for allocation of fault. This is especially true as the Amended Notice's "Basis of Allocation" contains no more than the bare facts as obtained from Mason's January 24, 2007 deposition, plus the two non-parties' names and work addresses.

BYU argues that the Notice should nonetheless be considered timely because *Mason* had notice of the facts upon which BYU now relies and because Mason and her father[18] may have considered the non-parties at fault. However, such an argument would only be relevant to the "reasonable time" analysis if it were Mason who was seeking to allocate liability to non-parties.

---

[16]*E.g.*, Def.'s Br. at 3-4 and n. 3 (citing facts from pages Pl.'s January 24, 2007 Dep. at 226 (recounting alleged post-surgery conversation with Dr. Bacon)) and 228 (discussing Ex. 5 re: never recovering from surgery); Dep. Ex. 5 (same and stating "after the surgery in June 2003, Dr. Bacon explained to me why I was falling all the time, apparently, there were bone fragments left in my back for the first surgery."); Dep. Ex. C (Mason's contemporaneous writings about fall at Surgical Center); *see also* Pl.'s Dep. at 217 (testifying re: alleged circumstances of being walked out of Surgery Center by nurse after surgery when she fell).

[17]If the deposition exhibits were produced prior to the deposition, BYU's notice would have been even earlier.

[18]Information obtained from Mason's father's deposition does not appear to be relevant as all of the relevant information in the Notice of Allocation was obtained from Mason's own deposition.

BYU also argues that, if the Notice is found to be untimely, it should be granted leave to file the Notice late under Utah R. Civ. P. 9.  In this regard, BYU asserts that by agreement the parties continued to conduct some discovery, take some depositions past the deadlines and that expert reports continue to be supplemented.

The Court finds that, contrary to BYU's arguments, there would be substantial and irreparable prejudice to Mason in allowing such a late filing.  As BYU was aware, the deadlines for discovery, designating experts, taking expert depositions, and for filing dispositive motions, were all expiring while BYU waited to file its Notice.  As a result of the delay, there was no opportunity for discovery from such non-parties regarding the circumstances of their alleged fault; the time has passed for joining additional parties; there has been no opportunity to obtain expert testimony regarding the standard of care or other matters involved in the alleged fault of non-parties; there has been no opportunity for the existing experts to consider or to be deposed regarding such alleged fault of non-parties and the effect, if any, it would have on their opinions; and there has been no opportunity for dispositive motions on the issue.  The fact that the parties have otherwise cooperated in scheduling some matters past the deadlines and that already designated experts continue in their duty to supplement their timely disclosed reports, does not alter this finding of prejudice.

BYU also contends that there is no prejudice because its expert, Dr. Komar, who recently filed a new declaration regarding the alleged fault of non-parties, is an expert whose deposition was taken and whose prior opinions Mason has quoted and relied upon.

Dr. Komar performed an independent medical examination of Mason for BYU. At no time prior to the filing of the November 20, 2007, Notice did he opine on the fault of any third party, although at the time of his deposition he had all of the information[19] included in the Notice. Since then, based upon the same evidence, provided to him this time in the form of hypotheticals by defense Counsel, he has completely changed his opinion.

Where BYU did not timely file its Notice, there was no opportunity for Plaintiff to question Dr. Komar regarding any allocation of fault to non-parties—there would be no reason to do so. Therefore, the ability to question him regarding his disclosed opinions and the reliance of Mason on those disclosed opinions is not relevant to the inability to question him regarding his opinion on an entirely new subject—the alleged fault of third parties.

In a similar case, *The Resolution Trust Corporation v. Deloitte & Touche*,[20] the trial court examined a similar Colorado statutory scheme that allowed non-party's fault to be considered if a party gives notice of the non-party's fault and struck the designations because they did not comply with Colorado's procedural requirements for adequate notice.[21]

Having considered the entire record, the Court finds that under the circumstances of this case, to allow the late Notice would require vacating the trial and setting new

---

[19] *See* Pl.'s Ex. 9 (document Mason provided to Dr. Komar prior to his deposition, containing information on the falls, the bone fragments found during the second operation, and Mason's continued problems after the operation).

[20] 818 F.Supp. 1406 (D. Colo. 1993).

[21] *Id*. at 1407-08.

discovery and expert designation dates. The Court finds that this would severely prejudice Mason. The Court further finds that BYU has not shown good cause to permit BYU to file the required information so late as to require such a drastic and expensive delay. Accordingly, the Court denies BYU's request to allow late filing.

## IV.  ORDER

Based upon the foregoing it is

ORDERED that Mason's Motion for Partial Summary Judgment re Non-Parties Dr. Bacon and Central Utah Surgical Center (Docket No. 47) is GRANTED.  Accordingly, no fault may be allocated to them.

DATED   February 1, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge