IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL ANN MASON,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN STRIKE DECLARATIONS<br><br><br><br>Case No. 2:06-CV-826 TS |

Defendant Brigham Young University (BYU) moves to strike three of the declarations submitted by Plaintiff Rachael Mason (Mason) in opposition to Defendant's Motion for Summary Judgment. The declarations at issue are those of Mason's father, of another BYU student-athlete (Koffman) who was allegedly injured in BYU's weight room in a separate incident, and of Dr. Hayes, a Ph.D who offered a rebuttal argument to BYU's witness Santiago's recitation of statistics regarding injuries in college athletics.

As to the Declarations of Mason's father and Koffman, the Court did not rely on their Declarations in finding that genuine issues of material fact precluded granting BYU's

1

Motion for Summary Judgment. Therefore, the present Motion to Strike those Declarations will be denied as moot. The Court notes that Koffman is also the subject of the separate Motion in Limine to Exclude testimony at trial relating to his injuries.[1] The Court will not rule on that Motion until it is fully briefed.

BYU contends that Dr. Hayes' Declaration should be stricken because it improperly attempts to invade the province of the Court regarding risks that are inherent in a sport as a matter of law. Contrary to BYU's argument, the nature of a particular injury as an inherent risk of a particular sport is not automatically a matter of law. For example, in *White v. Deseelhorst*[2] the Utah Supreme Court found that two tenable expert opinions established an issue of fact on whether a ski injury on a cat track was an inherent risk of skiing or could have been eliminated by the exercise of ordinary care.[3]

The Court has found that, viewing the disputed facts in this case in the light most favorable to Mason, there were material issues of fact regarding risk inherent in collegiate swimming or weight training conditioning.[4] Hayes' Declaration addresses statistics regarding injuries in the sports of swimming and weightlifting. The same or similar statistics

---

[1] Docket No. 73.

[2] 879 P.2d 1371 (Utah 1994).

[3] *Id*. at 1376; *see also Rothstein v. Snowbird Corp.*, __ P.3d __, __, 2007 WL 4386217, *5 (Utah 2007) (examining pre-injury release and holding that the "bargain struck" by Utah Code Ann. § 78-27-51, "is . . . ski area operators would be freed from liability for inherent risks of skiing so that they could continue to shoulder responsibility for noninherent risks by purchasing insurance").

[4] Docket No. 94, at 2 (Mem. Dec. and Order Denying Defendant's Motion for Summary Judgment).

were first offered by BYU's witness Santiago in support of BYU's Motion for Summary Judgment.  Both Santiago's Declaration and Hayes' responsive Declaration regarding the statistics were filed after the close of discovery.  Because the Hayes Declaration on this issue merely responds to the Santiago Declaration, the Court will not strike the Hayes Declaration regarding the statistics.  To the extent that Hayes offered other opinions in his Declaration, the Court did not rely on such statements in making its determination that there were genuine issues of material fact on BYU's assertion of alleged risks inherent in collegiate athletics.  Further, those additional opinions by Dr. Hayes are the subject of a separate Motion in Limine to exclude his testimony at trial.[5]  The Court will rule on that Motion in advance of trial.  It is therefore

ORDERED that BYU's Motion to Strike Declarations (Docket No. 53) is DENIED.

DATED   February 8, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] Docket No. 76.

3