IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RACHAEL ANN MASON,<br><br>    Plaintiff,<br><br><br><br><br>               vs.<br><br><br>BRIGHAM YOUNG UNIVERSITY, a Utah corporation,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS AND GRANTING IN PART PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY<br><br><br><br><br><br>Case No. 2:06-CV-826 TS |

Plaintiff Rachael Mason (Mason) moves to strike two declarations submitted by Defendant Brigham Young University (BYU) in support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment re: Non-parties. The Declarants are Dr. Komar, M.D. and Mr. Santiago, BYU's Associate Athletic Director. Mason also seeks to preclude these Declarants from testifying at trial.

Dr. Komar's November 7, 2007 Declaration (Komar Declaration) related to BYU's attempt to allocate fault to non-parties.  That Komar Declaration addressed a new theory

of negligence—the alleged negligence of non-parties—as well as a new causation opinion regarding the affect of Mason's falls that were not allegedly attributable to non-parties.

Dr. Komar was not timely designated as an expert witness. However, his May 16, 2006 Report (Report) was disclosed and his deposition was taken. Therefore, although Dr. Komar was not timely designated as an expert, the Court finds that there is no prejudice to Mason in allowing Dr. Komar to testify regarding matters contained in his Report and deposition.

As to matters not contained in his Report and deposition, any opinion regarding the alleged fault of non-parties is not relevant to an issue at trial.[1] As it relates to an issue of the alleged effect of other falls on Mason's herniated disc, such opinion was not timely disclosed. It is a new theory of causation not contained in Dr. Komar's Report and deposition. As noted in the Court's prior Order, Dr. Komar had all the information on which he based his opinion on the alleged effect of the falls at the time of his deposition,[2] yet he did not then disclose an opinion on that theory of causation. Thus, this is not a situation where an expert offers a rebuttal report with a more direct opinion on a matter previously disclosed.[3] Accordingly, Dr. Komar will not be allowed to testify at trial as to the alleged effect of falls not attributable to the fault of non-parties at trial.

---

[1]*See* Docket No. 97, at 1 (holding that because the Notice of Allocation was not timely, "BYU may not request the jury allocate fault to non-parties").

[2]*Id*. at 10 and n.19.

[3]*See 103 Investors I, L.P. v. Square D. Co.*, 372 F.3d 1213, (10th Cir. 2004) (finding abuse of discretion for district court to refuse to consider expert report because it "merely label[ed] a cause more specifically" rather than represented a new theory in violation of Fed. R. Civ. P. 26).

The Court turns next to Santiago's Declaration.  BYU now agrees that Santiago is not an expert witness and, therefore, the Court need not address Mason's arguments that he should be precluded from offering expert opinions.

BYU first designated Santiago as a fact witness on October 12, 2007 well after the August 1, 2007 date for disclosure of and depositions of fact witnesses.  BYU argues that it disclosed Santiago as a fact witness earlier because his name was "reflected in several documents" produced during discovery, and that his October 12, 2007, designation merely "formalized" his identification as a potential witness.[4]  The substance of the late disclosure was that Santiago had "knowledge regarding the [BYU] Athletic Department, and BYU's practices, policies and procedures regarding injuries to student athletes while participating or practicing their respective sport, including insurance provided for the benefit of athletes" and "decisions regarding [Mason's] expenses, including payments made on her behalf."[5]  BYU subsequently filed Santiago's Declaration in support of its Motion for Summary Judgment.  That Declaration covered more than the facts disclosed above, including opinions on Santiago's own back injury and whether Mason was entitled to file this action. As a result of his Declaration, Santiago's deposition was taken on November 27, 2007.

Mason seeks to exclude all of Santiago's opinion testimony and some of his fact testimony at trial on the grounds that he was untimely disclosed, Santiago disavowed any intent to testify to any opinion, and a lack of foundation for all lay opinion testimony and

---

[4] Docket No. 59-2 (BYU's Supplemental Disclosures).

[5] Id. at 2, ¶ A.

3

some fact testimony.  To the extent that Santiago has personal knowledge of the facts,

Mason does not seek to exclude his fact testimony on matters included in his designation,

the insurance policies, or the photos of weights.[6]

BYU argues that Santiago's opinions are admissible lay opinion under Fed. R. Civ.

P. 701.  BYU contends that the opinions are based on Santiago's perceptions, and would

be helpful to provide a clear understanding of his testimony and to the jury's determination

of facts.

> Rule 701 [permits a lay witness] to offer opinion testimony only when it is: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
>
> Thus, Rule 701 permits the admission of lay opinion testimony provided that it meets two criteria: a rational basis in perception and helpfulness. "The perception requirement stems from F.R.E. 602 which requires a lay witness to have first-hand knowledge of the events he is testifying about so as to present only the most accurate information to the finder of fact."[7]

The Court notes that, contrary to BYU's representation, Santiago says that he does

not intend to offer any opinion testimony.[8]  Further, as to many of the issues for which BYU

offers Santiago's lay opinions, there is no foundation of personal knowledge.  For example,

as Mason points out, Santiago's deposition made clear that he does not have personal

---

[6]Docket No. 100, Pl.'s Reply Br. at 4-5.

[7]*Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 667 n.12 (10th Cir. 2006) (quoting Rule 701 and *United States v. Hoffner*, 777 F.2d 1423, 1425 (10th Cir. 1985)).

[8]Docket No. 59, Ex. 3, Santiago Dep. at 99 (answering question on whether he anticipated offering any opinions about any issues in the case by stating: "No, I want to state the facts.")

knowledge of all of the matters set forth in his Declaration.  He has no knowledge of the actual rates of injuries for BYU's student athletes.[9]  His only knowledge on the NCAA's general published statistics of the rates of injuries for all NCAA athletes is that it is available data given to him by BYU's counsel.[10]  He has no knowledge or opinion regarding what, if any, are the inherent risks of women's swimming.[11]  He does not know for sure if he suffered a disk hernation as a result of his own strength and training conditioning when he was a student athlete attending a California college in the early 1990's.[12]  He has no personal knowledge that Mason's injuries had reached stationary status as of September 27, 2007.[13]  As to the January 3, 2003 Injury and Liability Report, his deposition testimony makes it clear that Santiago had no contemporaneous knowledge of or understanding of the document.[14]  Therefore, any opinion he may have developed subsequent to the filing of this lawsuit regarding that document's meaning would not be helpful to the jury.

---

[9]*Id.* at 102-05.

[10]*Id.* at 104-06.

[11]*Id.* at 103 ("I would have absolutely no idea what the risks are of women's swimming.").

[12]*Id.* at 88-96.  Further, there is no showing as to how Santiago's own alleged injury is in any way relevant to an issue before the jury in the present case.

[13]*Id.* at 116-20 (conceding that sole basis of his opinion regarding Mason's alleged stationary status was "verbalization" from BYU's attorneys).

[14]*Id.* at 38-39 (conceding he had only recently learned of the existence of the document).

5

The Court finds that BYU has not shown that any of Santiago's lay opinions contained in his Declaration have both a rational basis in perception and would be helpful to the jury.  Therefore, they are not admissible under Rule 701.

As to Santiago's fact testimony he is a late designated fact witness.  However, as was the situation with Dr. Komar, where Santiago's deposition was taken, there is no prejudice to Mason in allowing Santiago to testify regarding facts within his own personal knowledge.  The appropriate method to challenge alleged contradictions, inconsistencies, or confusion between his Declaration statements and his deposition testimony is by vigorous cross examination, including impeachment.  The Court will rule on specific foundational objections to his fact testimony in the context of his trial testimony.

Plaintiff also seeks to exclude admission of Santiago's Declaration at trial and to preclude BYU's counsel from mentioning it at trial.  Unless a contrary ruling is obtained outside of the hearing of the jury, neither party will be permitted to offer in evidence any declarations or to use them for any purpose other than impeachment or refreshment of the recollection of a witness.  It is therefore

ORDERED that Plaintiff's Motion to Strike the Declarations (Docket No. 57) is DENIED.  It is further

ORDERED that Plaintiff's Motion to preclude Santiago and Komar, M.D. from Offering Defense Testimony at Trial (Docket No. 60) is GRANTED IN PART and Dr. Komar's testimony will be limited to matters as set forth above.  Santiago's expert or lay opinions are excluded.  Santiago may, however, testify as a fact witness as to matters

within his personal knowledge, including the fact that the NCAA keeps statistics of injury as disclosed in his Declaration and deposition.

DATED   February 14, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge